On Application nor a Rehearing.
Conceding argumenti gratia the law points presented for appellants in their application for a rehearing, there are obstacles in the way of granting the application.
The executor acknowledged the legacies by carrying them in his account. But the conditions attached excluded them from the rank of legacies deliverable instanter.
*968 The testator willed the payment of his debts; the investing of the amount of the legacies.
In reference to the legatees who are minors, he did not clearly direct by whom the funds should be managed, after their investment in accordance with the terms of the will.
In so far as related to the legatee of age the testator, after the investment, placed the management in the hands of the executor.
This restriction was nugatory, and the amount will now be turned over to this legatee.
The executor who files an account can not be held to the payment of interest on particular legacies; prior to the demand for their delivery, though he may recognize them as just and legal; if the admission is accompanied with conditions rendering it equitable and proper that interest be not allowed.
The sale of the property, the payment of the debts, the interpretation of the conditions of the will not clearly expressed, involved delay which the judge of the court a qua did not consider unreasonable. With his views upon the subject ours coincide.
, The legatee of age, as to interest, claimed that the rule sued out by her should be made absolute, in so far as to order the executor to invest the sum of $3000 in her name, with legal interest thereon from June 6,1891. Interest by the judgment is.allowed from 30th January, 1893, the date that her demand was filed, to the date of investment ordered.
She acquiesces in the judgment and does not apply .for a rehearing.
The appellant, John P. Byrne, natural tutor, claimed interest on a thousand dollars from 6th June, 1891.
By the judgment he is allowed interest fróm the date his demand was filed — i. e., November 28, 1892.
The other petitioner for a rehearing, Mrs. Octavia M. Wolf, natural tutrix of minors, who are particular legatees, did not in their rule for delivery of the legacy after investment claim interest from any time prior to the filing of her demand.
She was allowed interest from the day her demand for delivery was filed — i. e., 30th January, 1893, to the date of investment.
We think the judgment is correct and does justice to the parties.
Rehearing refused.